IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMAURY FERNANDEZ TAMAYO,
*via next friend* JOSE EVELIO HUERTA

      Petitioner,

v.                                     Civ. No. 26-0752-KG-JHR

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
CURRENT SECRETARY, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

      Respondents,[1]

## ORDER TO ANSWER

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.   (Doc. 1) (Petition).   Also before the Court are Petitioner's Motions for Bond Hearing; Release; and Order Prohibiting Transfer.   (Docs. 3, 4, 5, 6) (together, the "Preliminary Motions").   Petitioner is an immigration detainee at the Otero County Processing Center and is proceeding *pro se*.   The Petition states he entered the United States in 2022; was released on his own recognizance; and was re-detailed sometime before May of 2025.   (Doc. 1) at 2.   Petitioner argues he is subject to prolonged detention; he did not receive an adequate bond hearing; and immigration officials plan to remove him to a third country without adequate process.   *Id.* at 3-4. Petitioner seeks a release from custody or, alternatively, an adequate bond hearing.   *Id.* at 3.

---

[1] The Court will substitute or add the above-mentioned parties as Respondents.   *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

Having conducted an initial review of the claims, the Court finds the Petition is not subject to summary dismissal.  The Clerk's Office has electronically served Respondents - including the Respondents added in this Order - by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.   (Doc. 8).   The Court will set a briefing schedule on the Petition, as set forth below.

With respect to the Preliminary Motions, relief will be granted in part.  The Preliminary Motions appear to seek a temporary restraining order: (1) enjoining immigration officials from transferring/removing Petitioner out of this District while the case is pending; (2) and granting all relief requested in the Petition (*i.e.,* a bond hearing or release) before briefing is complete.   (Docs. 3, 4, 5, 6).   A petitioner seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief.  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). The filings allege Petitioner has been in custody since at least May of 2025 and that immigration officials plan to remove Petitioner to Ecuador - where he has no contacts - without due process.   The Court agrees that an injunction on transfer or removal is necessary to preserve the status quo while the claims are briefed.   *See Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992) (a TRO is meant to "preserve the status quo" before a final decision on the merits).

To the extent the Preliminary Motions seek an emergency ruling on the merits and/or a release from custody before the response is filed, relief will be denied.   Temporary restraining orders cannot be not used as a mechanism to obtain a final merits disposition.   *See Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) (reminding lower courts that "[p]reliminary injunctions…do not conclusively resolve legal disputes"); *Doe v. Trump*, 2026 WL 446292, at *2 (W.D. La. Feb. 17, 2026) (temporary

2

restraining orders "should not be used to rule on the final merits question").   Expedited relief on the merits is also unnecessary, as this Court reviews Section 2241 immigration petitions immediately and rules on them as soon as possible.   The Preliminary Motions will therefore be granted in part and denied in part, as set forth above.

IT IS ORDERED that:

1.   The USAO must answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted.

2.   If Petitioner wishes to file an optional reply, he must do so within seven (7) business days after the response is filed.

3.   The Emergency Motion for Bond Hearing and Release (Doc. 3); Emergency Motion for Release (Doc. 4); Motion to Temporarily Prohibit Removal to A Third Country (Doc. 5); and Emergency Motion for Order Prohibiting Transfer (Doc. 6) are granted in part, to the extent Petitioner seeks a temporary injunction prohibiting transfer/removal, and denied in part.

4.   The Government is enjoined from transferring or removing Petitioner Amaury Fernandez Tamayo from the District of New Mexico while the Petition (Doc. 1) remains pending or until further Order by the Court.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.   Electronically filed documents can be found on the Court's PACER public access system.