IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMAURY FERNANDEZ TAMAYO,

    Petitioner,

v.                                              No. 2:26-cv-00752-KG-JHR

MARY DE ANDA-YBARRA, et al.,

    Respondents.

**MEMORANDUM ORDER AND OPINION**

This matter is before the Court on Petitioner Amaury Fernandez Tamayo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Doc. 1. Because Petitioner's challenge presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

## I.  *Background*

Petitioner, a citizen of Cuba, entered the United States without inspection on January 8, 2022. Doc. 11 at 1. United States Border Patrol agents promptly arrested and detained Petitioner but released him on his own recognizance the following day. *Id.* at 2–3. Petitioner received a Notice to Appear charging him as "an alien present in the United States who has not been admitted or paroled" *Id.* at 3–4. Petitioner has no criminal history. Doc. 1 at 2.

On April 20, 2025, Petitioner was redetained and transferred to the Otero County Processing Center in Chaparral, New Mexico. Doc. 11 at 5. An immigration judge denied Petitioner's request for a change in custody status. *Id.* Petitioner was ordered removed to Ecuador on January 22, 2026. *Id.* at 6. Petitioner's appeal of that decision remains pending with the Board of Immigration Appeals ("BIA"). *Id.*

1

Petitioner asserts that the Government has violated his Fifth Amendment due process rights by: (1) prolonging his detainment; (2) subjecting him to mandatory detention under 8 U.S.C. § 1225; (3) detaining him without a bond hearing, and (4) removing him to a third country without notice and procedural safeguards.  Doc. 1 at 3–4.  The Government opposes the motion.  *See generally* Doc. 11.

## II.     Standard of Review

A habeas petition seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas review is proper where an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    Analysis

For the reasons below, the Court concludes that (A) § 1226 governs Petitioner's detention, and (B) Petitioner's detention violates the INA and the Due Process Clause of the Fifth Amendment such that release is warranted.

### A.      Petitioner's detainment violates the INA.

"Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal."  *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1295 (D.N.M. 2025).  Section 1225 governs noncitizens who are detained at a port of entry or shortly after entry.  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  This includes noncitizens deemed to be "seeking admission" into the United States, 8 U.S.C. § 1225(a), as well as those placed in expedited removal proceedings under § 1225(b)(1).  The provision "mandate[s] detention of applicants for admission until certain proceedings have concluded."  *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

2

By contrast, § 1226 "applies to [noncitizens] already present in the United States." *Id.* at 303. Section 1226 permits, but does not require, the Attorney General to arrest and detain a noncitizen pending removal proceedings. *Id.* "Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings as described by federal regulation." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1295.

Here, although an Immigration Judge has issued a removal order, that order is not administratively final because Petitioner's appeal remains pending before the BIA. Doc. 11 at 6. The Court further concludes that § 1226(a) governs Petitioner's detention. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts).[1] Noncitizens, like Petitioner, who reside in the country are "no longer seeking to enter the United States (lawfully or otherwise)—they are already here." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296 (internal quotation marks and citation omitted). Petitioner has lived in the United States since ICE released him on his own recognizance in January 2022. Doc. 11 at 2, 5. Petitioner was not arrested near the border or another port of entry. Doc. 1 at 2. At the time of his arrest, Petitioner had been present in the United States for nearly three years. Moreover, Petitioner's Notice to Appear classified him as "present in the United States," supporting the Court's conclusion that Petitioner has "effected an entry." *See Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at * 3 (D.N.M.). Accordingly, § 1226(a) governs Petitioner's detention and his prolonged confinement without an individualized bond hearing violates the INA.

---

[1]While the Fifth Circuit holds that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission," *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.), the Tenth Circuit has not yet addressed the question.

**B.      *Petitioner's detention violates the Due Process Clause.***

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").  Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing."  *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).  Petitioner's continued detention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*

**C.      *The proper remedy is release.***

The Court next turns to the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original).  Given the Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v.*

4

*Bondi*, 2026 WL 895567, at \*2 (D.N.M.) (same); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at \*1 (D. Colo.) (same).

### III.    Conclusion

Because the Court grants Petitioner's release under the INA and the Due Process Claim, it declines to consider Petitioner's remaining claims.  The Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral Immigration Judge under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.